IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 19-04671-MCF13 |
| VIRGINIA CANALES RODRIGUEZ | Chapter 13 |
| Debtor(s) | ADVERSARY NUMBER: 20-00138-MCF |
| VIRGINIA CANALES RODRIGUEZ | |
| Plaintiff(s) | |
| BANCO POPULAR DE PUERTO RICO; Et al. | |
| Defendant(s) | FILED & ENTERED ON NOV/27/2023 |

OPINION AND ORDER

Now before the Court is Plaintiff Virginia Canales Rodriguez's Motion for Leave to file Amended Complaint on Docket No. 183; with it, Plaintiff submitted her proposed Second Amended Complaint.  Defendant Banco Popular de Puerto Rico (BPPR) filed its opposition on Docket No. 194. Plaintiff filed on Docket No. 206 a response to Defendant's opposition to Plaintiff's Motion for Leave to file a Second Amended Complaint and Defendant filed on Docket No. 211 a sur-reply to Plaintiff's response.  As explained below, Plaintiff's motion for leave to file a Second Amended Complaint is denied.

Plaintiff seeks leave to file an Amended Complaint to include First American Title Insurance Company (First American Title) as a defendant and to add three new counts: i) willful violation of the automatic stay pursuant to 11 U.S.C. § 362; ii) willful violation of the co-debtor automatic stay pursuant to 11 U.S.C. § 1301; and iii) violations of the Fair Debt Collection Practices Act (FDCPA) by First American Title.  Plaintiff contends that BPPR violated the automatic stay by filing in the present adversary proceeding a cross-claim requesting certain remedies against co-defendants members of the Sucesion Barreto Garcia.  Plaintiff further asserts that First American Title, as the

entity managing, paying, and coordinating BPPR's Counsel in the above mentioned cross-claim, violated the FDCPA.

As to counts one and two of the proposed Second Amended Complaint, the automatic stay does not apply to proceedings in the bankruptcy court having jurisdiction over the debtor. Section 362(b) of the Bankruptcy Code provides limited exceptions to the applicability of the automatic stay. However, "[t]here is a crucial exception to the automatic stay which is not included under 11 U.S.C. § 362(b), namely; that "[a]ny action to recover property, to collect money, to enforce a lien, or to assert a prepetition claim against the debtor which would otherwise be enjoined by 11 U.S.C. § 362(a) if initiated in any other context, is not subject to the automatic stay if commenced in the bankruptcy court where the debtor's bankruptcy case is pending."" Nat'l Promoters & Servs. v. Multinational Life Ins. Co. (In re Nat'l Promoters & Servs.), 220 Bankr. LEXIS 951 (Bankr. D.P.R. 2020)(citing In re Atreus Enterprises, Ltd., 120 B.R. 341, 346 (Bankr. S.D.N.Y. 1990); citing In re American Sports Innovations ASI, 105 Bankr. 614, 617 (Bankr. W.D. Wash. 1989)); In re Vylene Enterprises, Inc., 63 Bankr. 900, 907 (Bankr. C.D. Cal. 1986); In re American Spinning Mills, Inc., 43 Bankr. 365, 367 (Bankr. E.D. Pa. 1984).

Regarding count three of the proposed Second Amended Complaint, a defendant to an FDCPA action must be a "debt collector" as defined by the act. The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). This court concludes that First American Title Insurance Company, by paying BPPR's Counsel in the above mentioned cross-claim, is not a debt collector, pursuant 15 U.S.C. § 1692a(6).

For the reasons stated above, this Court finds that allowing Plaintiff to file a Second Amended Complaint with the proposed amendments would be futile and as such would result in undue prejudice, delay, and inefficiency in the adjudication of the present case.  Therefore, Plaintiff's Motion for Leave to file Amended Complaint on Docket No. 183 is hereby denied.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 27 day of November, 2023.

Mildred Caban Flores
United States Bankruptcy Judge